# EXHIBIT A

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>DISTRICT OF DELAWARE</td></tr>
<tr><td>Case number <em>(if known)</em></td><td>Chapter   <strong>11</strong></td></tr>
</table>

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Infinity Pharmaceuticals, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 33-0655706 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

**1100 Massachusetts Avenue**
**Cambridge, MA 02138**
Number, Street, City, State & ZIP Code

**Middlesex**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.infi.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: |

Debtor     **Infinity Pharmaceuticals, Inc.**                           Case number (*if known*) _____
                 Name

**7.** **Describe debtor's business**     A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____**5417**_____

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

Debtor  **Infinity Pharmaceuticals, Inc.**            Case number (*if known*) _____
    Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **Infinity Discovery, Inc.** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Delaware**    When _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds** .

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
■ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    **Infinity Pharmaceuticals, Inc.**                                    Case number (*if known*)
             Name

**16.  Estimated liabilities**  ☐ $0 - $50,000               ■ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
                                ☐  $50,001 - $100,000         ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                ☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                ☐ $500,001 - $1 million       ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **Infinity Pharmaceuticals, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **September 29, 2023**
MM / DD / YYYY

**X** */s/ Seth A. Tasker*
Signature of authorized representative of debtor

**Seth A. Tasker**
Printed name

Title  **Chief Executive Officer**

---

**18. Signature of attorney**

**X** */s/ Matthew B. McGuire*
Signature of attorney for debtor

Date  **September 29, 2023**
MM / DD / YYYY

**Matthew B. McGuire 4366**
Printed name

**Landis Rath & Cobb LLP**
Firm name

**919 Market Street**
**Suite 1800**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 467-4400**   Email address  **mcguire@lrclaw.com**

**4366 DE**
Bar number and State

---

**Infinity Pharmaceuticals, Inc.**

**Authorization for Filing Voluntary Petition Under**
**Chapter 11 of the Bankruptcy Code and Related Matters**

The undersigned Directors of the Board (the "Board") of Infinity Pharmaceuticals, Inc., a Delaware corporation (the "Company"), hereby adopt the following resolutions (the "Resolutions"):

**WHEREAS**, a Special Meeting of the Board was held on September 28, 2028;

**WHEREAS**, the Board has considered the financial and operational conditions of the Company;

**WHEREAS**, the Board has reviewed, considered, and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Board has determined in its business judgment that it is in the best interest of the Company, its creditors, shareholders, employees, other interested parties and stakeholders that a voluntary petition be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware and the filing of such petition is authorized hereby; and it is

**FURTHER RESOLVED**, that the members of the Board and any other officer or person designated and so authorized to act (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's chapter 11 case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the retention Sonoran Capital Advisors, LLC ("Sonoran") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Sonoran as the Company's financial advisor; and it is

{1405.001-W0072648.}

**FURTHER RESOLVED**, that the retention of Landis Rath & Cobb LLP ("Landis Rath & Cobb and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Landis Rath & Cobb as the Company's restructuring and bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the retention of Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Wilmer Hale as the Company's special corporate counsel; and it is

**FURTHER RESOLVED**, that the retention of SSG Advisors, LLC ("SSG") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain SSG as the Company's investment banker; and it is

**FURTHER RESOLVED**, that the retention of Stretto, Inc. ("Stretto") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Stretto as the Company's notice and claims agent; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Persons in connection with the chapter 11 case or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the Authorized Persons or the Board in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before the resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects.

Official Form 201A (12/15)

[*If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.*]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INFINITY PHARMACEUTICALS, INC.,[1] | Case No. 23-_____ (___) |
| Debtor. | |

**Attachment to Voluntary Petition for Non-Individuals Filing for
Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 000-31141.

2. The following financial data is the latest available information and refers to the debtor's condition on June 30, 2023.

    a.   Total assets             $21,232,000

    b.   Total debts (including debts listed in 2.c., below)    $58,638,000

    c.   Debt securities held by more than 500 holders

Approximate number of holders:

| | | |
|---|---|---|
| secured ☐ unsecured ☐ subordinated ☐ $ _____ | | N/A |
| secured ☐ unsecured ☐ subordinated ☐ $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ $ _____ | | _____ |
| secured ☐ unsecured ☐ subordinated ☐ $ _____ | | _____ |

    d.   Number of shares of preferred stock         0

---

[1] The last four digits of the Debtor's federal tax identification number is 5706.  The Debtor's mailing address is 1100 Massachusetts Avenue, Floor 4, Cambridge, MA 02138.

e.  Number of shares common stock                                    90,761,081

Comments, if any:  The number above reflects the number of outstanding shares of common stock as of June 30, 2023.

_____

_____

3.  Brief description of debtor's business:  The Debtor is a clinical-stage innovative biopharmaceutical company dedicated to developing novel medicines for people with cancer.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Biotechnology Value Fund II, L.P. and The Vanguard Group.

_____

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Infinity Pharmaceuticals, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Parexel International (IRL) Limited One Kilmainham Square, Inchicore Road Dublin** | **Shalini Darshanam Shalini.Darshanam @parexel.com** | **Trade Debt** | | | | **$1,093,839.17** |
| **Fortrea Clinical Research Unit Inc. 3402 Kinsman Blvd. Madison, WI 53704** | **Donna Smith Donna.Smith@fortr ea.com** | **Trade Debt** | | | | **$607,639.34** |
| **Tennessee Oncology, PLLC (Sarah Cannon) PO Box 277816 Atlanta, GA 30384-7816** | **Jessica James Jessica.James2@s arahcannon.com +1 (615) 457 7279** | **Trade Debt** | **Disputed** | | | **$532,197.55** |
| **Broadridge PO Box 416423 Boston, MA 02241-6423** | **Kunzang Hyolmo invoices@broadrid ge.com** | **Trade Debt** | | | | **$469,758.93** |
| **Fabbrica Italiana Sintetici, S.p.A. Viale Milano, 26-36075 Montecchio Maggiore 36075** | **Caccamo Ornella Ornella.Caccamo@ fisvi.com +39 0444 708011** | **Trade Debt** | | | | **$289,700.00** |
| **Allucent (Pharm-Olam, LLC) 25329 Budde Rd., Suite 1103 The Woodlands, TX 77380** | **Craig Muir POI_USAcctsRecei vable@allucent.co m +1 (713) 559-7900** | **Trade Debt** | | | | **$238,263.59** |
| **Icon Clinical Research PO Box 82-8268 Philadelphia, PA 19182-8268** | **Brendan Donovan ar@propharmagro up.com +1 913 6611662** | **Trade Debt** | | | | **$192,329.23** |

| Debtor | **Infinity Pharmaceuticals, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **PPD Development, LP**<br>**26361 Network Place**<br>**Chicago, IL**<br>**60673-1263** | **Sharon Hollfelder**<br><br>**sharon.hollfelder@ppd.com**<br>**+1 608 203-3005** | **Professional Services** | | | | **$162,535.10** |
| **Greenphire, Inc.**<br>**1018 West 9th Avenue**<br>**Suite 200**<br>**King of Prussia, PA 19406** | **Adrian Keeney**<br><br>**accounting@accounting.greenphire.com** | **Trade Debt** | | | | **$161,664.11** |
| **ProPharma Group, LLC**<br>**8717 W. 110th Street, Suite 300**<br>**Overland Park, KS 66210** | **Ashley Nagle**<br><br>**ashley.nagle@propharmagroup.com**<br>**+1 708 602 1020** | **Professional Services** | | | | **$141,376.00** |
| **Medpace, Inc.**<br>**5375 Medpace Way**<br>**Cincinnati, OH 45227** | **Mark Speed**<br><br>**Invoicing@Medpace.com**<br>**+1 513 579 9911** | **Trade Debt** | | | | **$138,057.73** |
| **Oxford Global Resources, LLC**<br>**P.O. Box 3256**<br>**Boston, MA 02241-3256** | **Nanci Bentley**<br><br>**nanci_bentley@oxfordcorp.com**<br>**+1 978 538 1649** | **Professional Services** | | | | **$83,152.50** |
| **Labcorp Early Development Laboratories**<br>**3301 Kinsman Blvd**<br>**Madison, WI 53704** | **Adam Blodgett**<br><br>**accountsreceivable@labcorp.com** | **Trade Debt** | | | | **$78,728.00** |
| **Labcorp Central Laboratory Services, LP**<br>**8211 SciCor Dr**<br>**Indianapolis** | **Jana Brown**<br><br>**jana.brown@labcorp.com** | **Trade Debt** | | | | **$78,213.63** |
| **Morrow Sodali LLC**<br>**333 Ludlow Street**<br>**5th Floor**<br>**Stamford, CT 06902** | **Paul Schulman**<br><br>**p.schulman@morrowsodali.com**<br>**+1 212 300 2473** | **Professional Services** | | | | **$73,924.43** |
| **Sun Life Assurance Company of Canada**<br>**93 Summer Street, 2nd Floor**<br>**Boston, MA 02110** | **Edward Roberts**<br><br>**eroberts@synergyboston.com**<br>**+1 617 517 2896** | **Building Lease** | | | | **$72,551.25** |

| Debtor | **Infinity Pharmaceuticals, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Medidata Solutions Inc**<br>**79 Fifth Avenue, 8th Floor**<br>**New York, NY 10003** | **Alyssa D'Orazio**<br><br>**invoicing@mdsol.com** | **Trade Debt** | | | | **$69,426.78** |
| **Tigermed-BDM Inc.**<br>**100 Franklin Square Dr., Suite 305**<br>**Somerset, NJ 08873** | **Cecilia Xu**<br><br>**Cecilia.Xu@tigermedgrp.com** | **Professional Services** | | | | **$64,296.00** |
| **Almac Clinical Services  LLC**<br>**25 Fretz Road**<br>**Souderton, PA 18964** | **Bridget Hanson**<br><br>**acsbilling@almacgroup.com**<br>**+1 215 660 8500** | **Trade Debt** | | | | **$60,463.16** |
| **Aliri USA Inc.**<br>**4720 Forge Rd Ste 108**<br>**Colorado Springs, CO 80907** | **Nicole Perkins**<br><br>**nicole.perkins@aliribio.com**<br>**719-593-1165** | **Trade Debt** | | | | **$46,230.85** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INFINITY PHARMACEUTICALS, INC., *et al.*[1] | Case No. 23-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO
RULES 1007(a)(1), 1007(a)(3), AND 7007.1 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the above-captioned debtors and debtors-in-possession (each, a "Debtor") hereby state as follows:

1.      The mailing address of Debtor Infinity Pharmaceuticals, Inc. ("INFI") and each of

its subsidiaries is 1100 Massachusetts Avenue, Cambridge, MA 02138.

2.      As of the Petition Date, INFI has only common outstanding stock and no holders

with more than 10% ownership of such stock.

3.      Debtor Infinity Discovery, Inc. is a wholly owned subsidiary of INFI.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Infinity Pharmaceuticals, Inc. (5706) and Infinity Discovery, Inc. (9480). The Debtors' mailing address is 1100 Massachusetts Avenue, Floor 4, Cambridge, MA 02138.

{1405.001-W0072359.2}

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INFINITY PHARMACEUTICALS, INC.,[1] | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |
| | Tax I.D. No. 33-0655706 |

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of debtor Infinity Pharmaceuticals, Inc.'s equity security holders.[2]

This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing this chapter 11 case.

| Name and Address of Holder | Shares |
|---|---|
| Erwin J Alvarez<br>7002 JFK Boulevard East #14r<br>Guttenberg NJ 07093 | 625 |
| Linda Anderson<br>9871 State Hwy. 151<br>Ignacio CO 81137 | 168 |
| AST Exchange Agent #11151<br>Discovery Partners International Inc<br>C/O Corporate Actions<br>6201 15th Avenue<br>Brooklyn NY 11219 | 522 |
| Patricia Bashaw<br>3122 Stelling Drive<br>Palo Alto, CA 94303-3959 | 750 |
| Tiara B Boutte PhD & Timothy L Boutte JT/WROS<br>3938 Catania Bay Ct<br>Missouri City, TX 77459-0020385 | 1,000 |

---

[1] The last four digits of the Debtor's federal tax identification number is 5706.  The Debtor's mailing address is 1100 Massachusetts Avenue, Floor 4, Cambridge, MA 02138.

[2] The list reflects the registered equity security holders as of August 31, 2023.

{1405.001-W0072629.3}

| Name and Address of Holder | Shares |
|---|---|
| James E Brownell<br>1 Herrick Street<br>Winchester, MA 01890 | 161 |
| Alfredo Castro<br>43 Wildwood Street<br>Winchester, MA 01890 | 55 |
| Cede & Co (Fast Account)<br>PO Box 20<br>Bowling Green Station<br>New York, NY 10004 | 90,664,828 |
| Gordon Clemons<br>8011 Wicklow Hall<br>Matthews, NC 28104 | 34 |
| Earnest P Couch<br>212 Commodore Dr<br>Hampton, VA 23669-1009 | 62 |
| Richard G Couch<br>3000F Danville Blvd Apt 532<br>Alamo, CA 94507 | 60 |
| John D'amato &<br>Helen D'amato JT Ten<br>C/O Natalie D'amato<br>5965 Colony Ct<br>Boca Raton, FL 33433-5203 | 2,000 |
| Gary David<br>Impact Enterprises<br>9477 Poole Street<br>La Jolla, CA 92037 | 1,750 |
| Leslie Eastman<br>11360 Portobelo Drive #1<br>San Diego, CA 92124-4025 | 700 |
| Yangbo Feng<br>1432 Barlow Court<br>Palm Beach Gardens, FL 33410-1500 | 981 |
| Yangbo Feng<br>1432 Barlow Court<br>Palm Beach Gardens, FL 33410-1500 | 375 |

| Name and Address of Holder | Shares |
|---|---|
| Pauline Gee<br>6666 Drew Ranch Lane<br>Boulder, CO 80301-3570 | 155 |
| Larry Gray<br>5933 Dugan Avenue<br>La Mesa, CA 91942-2609 | 375 |
| Elizabeth Grieco<br>74 Charles Street<br>Reading, MA 01867 | 5 |
| Helmet Investments LLC<br>Po Box 676176<br>Rancho Santa Fe, CA 92067-6176 | 34 |
| Jennifer Yuan Hou<br>284 Harvard Street<br>Apt 73<br>Cambridge, MA 02139 | 158 |
| Emily Zhi-Yun Keung<br>2 Juniper Lane<br>Wayland MA 01778 | 583 |
| Lander Irrevocable Trust DTD 12/21/15<br>Bessemer Trust Company of Delaware NA<br>1007 N Orange Street<br>Suite 1450<br>Wilmington, DE 19801 | 61,888 |
| Lander-Weiner Family Trust<br>C/O Eric Lander<br>74R Fayerweather Street<br>Cambridge, MA 02138 | 11,051 |
| Hyo Jeang Lee<br>7291 Valley Trails Drive<br>Pleasanton, CA 94588-5226 | 83 |
| Lek Securities UK Limited<br>C/O Lek Securities Corporation<br>4 World Trade Center - FL44<br>150 Greenwich Street<br>New York, NY 10007 | 334 |
| Walter M Lovenberg<br>3008 Burning Tree Ln<br>Cincinnati, OH 45237-1716 | 6 |

{1405.001-W0072629.3}                                   3

| Name and Address of Holder | Shares |
|---|---|
| Paul Melone<br>26 Robert Street<br>Clinton, MA 01510 | 597 |
| Aubrey Mendonca<br>1015 Holgate Place<br>Edmonton Alberta T6R2T7<br>Canada | 2,468 |
| Joanne Miura<br>14842 Summerbreeze Way<br>San Diego, CA 92128-3733 | 118 |
| Frederic H Moll<br>3746 Clay St<br>San Francisco, CA 94118-1806 | 87 |
| Joan-Marie Morgan<br>106 Weatherbee Drive<br>Westwood, MA 02090 | 1,657 |
| Christina Dionne Narensky<br>1830 Fremont Dr<br>Alameda, CA 94501 | 140 |
| Glenn Neal<br>17217 Vendor Place<br>Poway, CA 92064-1113 | 1,500 |
| Richard Neale<br>9640 Towne Centre Dr<br>San Diego, CA 92121 | 1,231 |
| Michael Nichols<br>15 Park Vale Apt 2<br>Brookline, MA 02446-6255 | 3,848 |
| Wei Niu<br>17 Davelin Road<br>Wayland, MA 01778 | 7 |
| Akira Niwayama<br>5110 Whitman Way 311<br>Carlsbad, CA 92008 | 410 |
| Janise Petrey<br>4240 Via Mar De Delfinas<br>San Diego, CA 92130 | 100 |

{1405.001-W0072629.3}

4

| Name and Address of Holder | Shares |
|---|---|
| Luis S Rodriguez<br>5982 Passend Dr<br>Frederick, MD 21703-2951 | 3 |
| Rebecca Rose<br>5528 Gunbarrel Rd<br>Longmont, CO 80503-8606 | 25 |
| Joseph P Tallman<br>380 Inca Parkway<br>Boulder, CO 80303-3550 | 45 |
| Phuoc-Loc Ton<br>3399 Lake Arrowhead Avenue<br>Fremont, CA 94555-1067 | 34 |
| Okoboji Trust Dtd 6 19 85<br>James Willenborg TTEE<br>2410 Baker Street<br>San Francisco, CA 94123-4601 | 68 |
| Jeremy B Hayden<br>C/O Brobeck Phleger & Harrison<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | 1,700 |
| Peter Barton Hutt<br>850 10th Street NW<br>Washington, DC 20001 | 100 |
| Matthew Lillig<br>31954 Wildwood Ct<br>Temecula, CA 92592 | 89 |
| Robert Prom, Jr.<br>2310 A Chatsworth Blvd<br>6366 Rancho Mission Rd #814<br>San Diego, CA 92108 92108 | 200 |

**Fill in this information to identify the case:**

Debtor name   **Infinity Pharmaceuticals, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **List of Equity Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **September 29, 2023**       *X* **/s/ Seth A. Tasker**
                                         Signature of individual signing on behalf of debtor

                                         **Seth A. Tasker**
                                         Printed name

                                         **Chief Executive Officer**
                                         Position or relationship to debtor