# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| INFINITY PHARMACEUTICALS, INC., *et al.*,[1] | Case No. 23-11640 (BLS) |
| Debtors. | **Re. No. 12** |

**ORDER GRANTING THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AFFIRMING THE APPLICABILITY OF THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, EXTENDING THE AUTOMATIC STAY**

This matter coming before the Court on the above-captioned debtors' (the "Debtors") *Motion of the Debtors for Entry of an Order Affirming the Applicability of the Automatic Stay or, in the Alternative, Extending the Automatic Stay* (the "Motion"), and the Court having reviewed the Motion, as well as the *Declaration of Seth Tasker in Support of the Motion of the Debtors for Entry of an Order Affirming the Applicability of the Automatic Stay or, in the Alternative, Extending the Automatic Stay* [D.I. 12]; and the *Declaration of Seth Tasker in Support of Chapter 11 Petitions and First Day Motions* [D.I. 2], together with any responses to the Motion, and the Court finds and concludes as follows:

A.      The parties subject to the Motion and this Order are identified on **Exhibit 1** attached hereto (the "Plaintiffs").

B.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Infinity Pharmaceuticals, Inc. (5706) and Infinity Discovery, Inc. (9480).  The Debtors' mailing address is 1100 Massachusetts Avenue, Floor 4, Cambridge, MA 02138.

{1405.002-W0073076.2}

C.      In the Motion, the Debtors seek, pursuant to sections 105 and 362 of the Bankruptcy Code, an order prohibiting Plaintiffs from continuing any of the actions listed on Exhibit 1 or commencing any substantially similar action that could have been commenced prior to the Petition Date (collectively, the "Covered Actions") against the third-party defendants listed on Exhibit 1 (the "Covered Non-Debtors").

D.      The Court concludes that the Debtors have demonstrated that, to the extent it does not already apply, the circumstances warrant extending the automatic stay to the Covered Actions as against the Covered Non-Debtors.  The Debtors have demonstrated that unusual circumstances exist justifying extension of the automatic stay, first because an identity of interests exists between the Debtors and the Covered Non-Debtors, and second because the Debtors' efforts to reorganize will be adversely impacted by continuation of the Covered Actions.

E.      The Debtors have also demonstrated that, with the benefit of the requested extension of the stay, they have a high likelihood of reorganizing successfully.   The Debtors have further demonstrated that they will suffer irreparable harm absent the requested stay, because the commencement or continuation of any Covered Action against the Covered Non-Debtors will substantially deplete estate resources, will substantially distract key officers and employees, and risk collateral estoppel and record taint against the Debtors, and will imperil the Debtors' proposed reorganization.  The Debtors have further demonstrated that the harm to the Plaintiff, if any, due to imposition of the stay is minimal and is outweighed by the above-stated harm to the Debtors. Finally, the Debtors have demonstrated that an extension of the stay is in the public interest because, among other reasons, it is necessary to accomplish the Debtors' reorganization.

{1405.002-W0073076.2}

F.      Accordingly, this Court finds that the automatic stay applies to the Covered Actions of its own force, and to the extent it does not, that it is appropriate to extend the stay as provided herein pursuant to sections 105 and 362 of the Bankruptcy Code.

G.      The legal and factual bases set forth in the Motion, other supporting papers, and at the hearing establish just cause for the limited relief granted herein.

Based on these findings, the Court ORDERS that:

1.      The Debtors' request for a finding that the automatic stay applies to the Covered Actions is granted.

2.      The Debtors' request, pursuant to sections 105 and 362 of the Bankruptcy Code, to extend the automatic stay to the Covered actions as against the Covered Non-Debtors, is granted.

3.      The automatic stay as affirmed and extended by this Order shall apply to the Covered Actions and Covered Non-Debtors with the same force and effect as it applies to the Debtors.  This includes, without limitation, that the Plaintiffs are prohibited from (i) commencing or continuing to prosecute any Covered Actions against the Covered Non-Debtors; (ii) the pursuit of discovery, including depositions, from the Debtors or the Covered Non-Debtors; (iii) the enforcement of any discovery order against the Debtors or the Covered Non-Debtors; and (iv) further motion practice.

4.      Nothing in this Order shall prevent the Debtors from seeking a further extension of the stay to other parties or actions or extension of the injunction provided for herein.

5.      Any party subject to this Order may seek relief from any of the provisions of this Order for cause shown.

6.      The Debtors shall serve a copy of this Order on counsel for the Plaintiffs within five (5) business days from entry of this Order.

{1405.002-W0073076.2}

7.     The Court retains jurisdiction over this Order and the relief granted herein.

**Dated: October 25th, 2023**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

{1405.002-W0073076.2}

# EXHIBIT 1

**Existing Covered Actions and Covered Non-Debtors**

{1405.002-W0073076.1.1}

**<u>Covered Non-Debtors</u>**

Adelene Perkins (former CEO and Chair of Board);
Lawrence Bloch (former Principal Financial Officer and Principal Accounting Officer);
Samuel Agresta (former Board Director);
David Beier (current Board Director);
Anthony Evnin (current Board Director);
Richard Gaynor (current Board Director);
Sujay Kango (former Board Director);
Brian Schwartz (former Board Director);
Norman Selby (current Board Director);
Seth Tasker (current CEO);

**Existing Covered Actions**

| Case Name/Caption | Court | Case Number | Plaintiff Name | Debtor Defendant | D&O Defendants |
|---|---|---|---|---|---|
| Dilbarian v. Infinity Pharmaceuticals, Inc., et al. | D. Mass. | 1:23-cv-11865 | Tyler Dilbarian | Infinity Pharmaceuticals, Inc. | Adeline Perkins (former CEO and Chair of Board); Lawrence Bloch, Jr. (Principal Financial Officer and Principal Accounting Officer) |
| Childress v. Infinity Pharmaceuticals, Inc., et al. | S.D.N.Y. | 1:23-cv-03715 | Robert Childress | Infinity Pharmaceuticals, Inc. | Adeline Perkins (former CEO and Chair of Board); Samuel Agresta (former Board Director); David Beier (current Board Director); Anthony Evnin (current Board Director); Richard Gaynor (current Board Director); Sujay Kango (former Board Director); Brian Schwartz (former Board Director); Norman Selby (current Board Director) |

{1405.002-W0073076.1.1}